# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2021

Lyle W. Cayce
Clerk

No. 20-40737
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSEPH BERDY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CR-1987-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Joseph Berdy appeals his conviction on one count of conspiracy to transport and move within the United States an alien unlawfully present in the United States and two counts of knowingly and recklessly transporting and moving within the United States an alien unlawfully present therein for

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

private financial gain.  Berdy contends that the district court committed reversible error by not permitting him to present the affirmative defense of duress to a jury.[1]

We review the legal sufficiency of Berdy's proffered defense de novo. *See United States v. Bradfield*, 113 F.3d 515, 521 (5th Cir. 1997).  To present his duress defense to a jury, Berdy was required to present evidence of each of the following elements:  (1) that he faced an "unlawful . . . present, imminent, and impending threat" that would induce "a well-grounded apprehension of death or serious bodily injury," (2) that he "had not recklessly or negligently placed himself" in the situation, (3) that he had "no reasonable legal alternative to violating the law," and (4) "that a direct causal relationship may be reasonably anticipated between the criminal action taken and the avoidance of the threatened harm."  *United States v. Posada-Rios*, 158 F.3d 832, 873 (5th Cir. 1998) (internal quotation marks and citation omitted).

Even under de novo review, the record supports the district court's conclusions that Berdy failed to make the required showing on the first, third, and fourth elements. *See Bradfield*, 113 F.3d at 521.  Berdy's interaction with the men whom he alleged compelled him to commit the offenses was characterized not by immediacy but by multiple periods of time in which Berdy was either alone with his mobile phone or out in public spaces with ample opportunities to attempt a variety of both reasonable and legal alternatives.  *See Posada-Rios*, 158 F.3d at 873-74 & n.20; *United States v. Gant*, 691 F.2d 1159, 1164 (5th Cir. 1982).  Additionally, Berdy's subjective fear of the men's vague threats against his distant family does not, under the

---

[1] We assume arguendo that Berdy conditioned his guilty plea on the right to have this issue reviewed on appeal, and we pretermit any other potential questions of waiver.

precedent of this court, establish that his apprehension was "well-grounded" or that the threats were sufficiently immediate and specific that a "person of ordinary firmness would succumb." *United States v. Willis*, 38 F.3d 170, 175-76 (5th Cir. 1994) (emphasis omitted).

The judgment of the district court is AFFIRMED.